```
1  JAMES B. CHANIN (SBN# 76043)
   JULIE M. HOUK   (SBN# 114968)
   Law Offices of James B. Chanin
2  3050 Shattuck Avenue
   Berkeley, California  94705
3  (510) 848-4752

4

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  GARY DESKINS, KUSUM DESKINS,     ) CASE NO.
    individually and as guardian     )
12  ad litem for Ashoka Deskins;     )
    ASHOKA DESKINS, a minor, by and  )
13  through his guardian ad litem,   )
    Kusum Deskins,                   ) COMPLAINT FOR DAMAGES
14                                   )    (42 U.S.C. §1983;
               Plaintiffs,           )    Supplemental state
15                                   )    Claims)
                                     )
16  vs.                              ) JURY TRIAL DEMANDED
                                     )
17  CITY OF OAKLAND, a municipal     )
    corporation; RICHARD WORD,       )
18  individually and in his capacity )
    as Chief of Police for the City  )
19  of Oakland; MATT McGIFFERT,      )
    individually and in his capacity )
20  as a police officer for the City )
    of Oakland; OFFICER ESTRADA,     )
21  individually and in his capacity )
    as a police officer for the City )
22  of Oakland; DOES 1-100,          )
    inclusive,                       )
23                                   )
               Defendants.           )
24  _____)

25

26

COMPLAINT                         1
```

JURISDICTION

1.   This action arises under 42 U.S.C. §§1983, 1985, and 1986. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

INTRADISTRICT ASSIGNMENT

2.   The claims alleged herein arose in the City of Oakland, State of California.  Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Division.  28 U.S.C. Section 1391(b)(2).

PARTIES

3.   Plaintiff, GARY DESKINS, is an African American male citizen of the United States.

4.   Plaintiff, KUSUM DESKINS, is a Fijian Indian female. Plaintiff KUSUM DESKINS brings this action on her own behalf and as guardian ad litem for Ashoka Deskins, a minor.

5.   Plaintiff, ASHOKA DESKINS, is a minor and is an African American male citizen of the United States and brings this action through his guardian ad litem and mother, KUSUM DESKINS.

6.   Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

7.   Defendant RICHARD WORD, is, and at all times herein mentioned was, the Chief of Police for the City of Oakland Police Department.  Defendant WORD is sued in his individual and official capacities.

8. Plaintiffs are informed and believe and thereon allege that Defendant MATT McGIFFERT was, at all times mentioned herein, a police officer employed by Defendant CITY OF OAKLAND. Defendant McGIFFERT is sued in his individual and official capacities.

9. Plaintiffs are informed and believe and thereon allege that Defendant OFFICER ESTRADA was, at all times mentioned herein, a police officer employed by Defendant CITY OF OAKLAND. Defendant ESTRADA is sued in his individual and official capacities.

10. Plaintiffs are ignorant of the true names, capacities and employers of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, violation of public policy, unreasonable search and seizures, trespass, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency,

employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND and/or other public entities to be ascertained.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

STATEMENT OF FACTS

14. Plaintiffs are informed and believe and thereon allege that on or about February 21, 2003, Defendant McGIFFERT and/or Does 1-25 and/or each of them, individually and/or while acting in concert with one another, presented an affidavit for search warrant to the Alameda County Superior Court.

15. Plaintiffs are informed and believe and thereon allege that said affidavit contained materially false and/or erroneous information, including, but not limited to, false information stating that illegal drugs were sold from the Plaintiffs' home located at 3308 Chestnut Street, Oakland,

COMPLAINT 4

California, by a female by the name of "Tuti".

16. Plaintiffs are further informed and believe and thereon allege that said materially false and/or erroneous information also included a false claim that within 72 hours of February 19, 2003, a controlled drug buy was made from "Tuti" from the Plaintiffs' home and that a "confidential informant" purchased illegal drugs from "Tuti" out of the Plaintiffs' home.

17. As a result of the materially false and/or erroneous information contained in the search warrant affidavit by Defendant McGIFFERT and/or Does 1-25 and/or each of them, a search warrant was issued without reasonable or probable cause for the Plaintiffs' home located at 3308 Chestnut Street, Oakland, California.

18. Thereafter, on or about the early evening of February 25, 2003, Plaintiffs Gary Deskins and his minor son, Ashoka Deskins, were at their home located at or about 3308 Chestnut Street, Oakland, California.

19. Plaintiff Gary Deskins was outside the home and Plaintiff Ashoka Deskins, was inside the home working on his homework. Plaintiff Kusum Deskins, the wife of Gary Deskins and mother of Ashoka Deskins, was out of the home at that time because she was taking her daughter to a gymnastics lesson.

20. The Plaintiffs and/or each of them, are law-abiding persons and do not traffic in crack cocaine and have never allowed any third parties, including "Tuti," to sell, use or distribute crack cocaine from their home.

COMPLAINT 5

21. On or about the early evening of February 25, 2003, Plaintiff Gary Deskins was unloading equipment from his plumbing business truck in the driveway of the premises when he heard a neighbor scream words to the effect, "You all have the wrong house."

22. At that time, Plaintiff Gary Deskins noticed City of Oakland Police Officers (Does 1-25 and/or each of them, individually and/or while acting in concert with one another), going up the stairs to his home. Plaintiffs are informed and believe and thereon allege that said officers included, but were not limited to, Defendants McGIFFERT, ESTRADA and/or Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

23. Plaintiff is informed and believes and thereon alleges that the officers, and/or each of them, used a battering ram or other device to break into the front door of his residence where his minor son, Plaintiff Ashoka Deskins, was inside working on his homework.

24. Plaintiffs are further informed and believe and thereon allege that prior to breaking into the Plaintiffs' home, Defendants, and each of them, failed to give the required "knock-notice".

25. Plaintiff Gary Deskins was then handcuffed and brought into the house by the officers. The police failed to show Plaintiff Gary Deskins any warrant documents before he was handcuffed.

COMPLAINT                                        6

26. Plaintiff Ashoka Deskins was detained inside the home at gunpoint. After his father was brought into the home, by the police, both father and son were ordered to sit on a sofa while the officers searched the Plaintiffs' residence.

27. After the police detained Plaintiffs Gary Deskins and Ashoka Deskins, Plaintiff Kusum Deskins arrived back at the home and was also detained by the police. Plaintiff Kusum Deskins requested permission to make a phone call while she was being detained, but this request was denied by the officers.

28. While the Plaintiffs were detained, Plaintiff Gary Deskins complained to the police that the handcuffs were too tight and were causing damage to his hands and/or wrists. Although the handcuffs were loosened, Plaintiff Gary Deskins sustained swelling and bruising to his wrists.

29. Eventually, the officers stopped searching the Plaintiffs' home, removed the handcuffs from Plaintiff Gary Deskins and released him and the other Plaintiffs from custody. At no time did the police find any drugs or evidence of narcotics trafficking in the Plaintiffs' home.

30. Following this incident, Plaintiffs are informed and believe and thereon allege that there were press reports about the search and seizure that occurred at the Plaintiffs' home. Plaintiffs are informed and believe and thereon allege that said press reports contained false and defamatory statements concerning the Plaintiffs allegedly made by members of the City of Oakland Police Department.

COMPLAINT                        7

31. The Plaintiffs filed a citizen's complaint with the City of Oakland Citizen's Review Board on or about March 6, 2003. Plaintiffs are informed and believe and thereon allege that Defendant Word, Defendant City of Oakland and/or Does 26-100 and/or each of them, have failed to take any or appropriate remedial action as a result of this incident and/or have ratified, authorized and/or condoned the conduct of their subordinates who caused and/or participated in the unreasonable search and seizure at the Plaintiffs' home.

32. Plaintiffs are informed and believe and thereon allege that the subject incident was caused as a result of a custom, policy, pattern and/or practice of deliberate indifference to the constitutional rights of African Americans and other minority citizens residing in West Oakland by the City of Oakland, high ranking members of the City of Oakland Police Department and by the officers involved in the subject incident.

33. Plaintiffs are informed and believe and thereon allege that prior to this time, Defendant City of Oakland; Defendant Word, and/or other high ranking City officials and Police Department managers (Does 26-100) were on actual notice of a custom, policy and practice by members of the City of Oakland Police Department in which members of the City of Oakland Police Department repeatedly falsified reports and/or fabricated other evidence in connection with drug related investigations, searches, detentions and/or arrests.

34. Plaintiffs are further informed and believe and

COMPLAINT 8

thereon allege that prior to this time, Defendant City of Oakland, Defendant Word and/or other high ranking City officials and Police Department managers (Does 26-100) were on notice of a custom, policy and/or practice by members of the City of Oakland Police Department to conduct unreasonable searches and/or seizures in the homes of African Americans and/or other minority citizens residing in West Oakland.

35. Plaintiffs are informed and believe and thereon allege that prior to this time, Defendant City of Oakland, Defendant Word, and/or other high ranking City officials and Police Department Managers (Does 26-100) were on notice of a custom, policy and/or practice by members of the Oakland Police Department of claiming that they obtained reliable information from "confidential informants" to justify searches and seizures of citizens which they knew and/or reasonably should have known, was not reliable, trustworthy or accurate.

36. Plaintiffs are informed and believe and thereon allege that despite being on notice of said customs, policies and/or practices, Defendant City of Oakland, Defendant Word, and/or other high ranking City officials and Police Department managers (Does 26-100) failed to take any or appropriate remedial action to prevent or stop said customs, policies and/or practices from continuing to occur.

37. Plaintiffs are further informed and believe and thereon allege that their injuries and/or damages were caused as a result of customs, policies, practices and/or procedures of

Defendant City of Oakland, Defendant Word, and/or other high ranking City officials and Police Department Managers (Does 26-100) who encouraged, authorized, condoned and/or ratified the conduct that occurred in this case.

38. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions of Defendants Word, McGIFFERT, ESTRADA and/or Does 1-100 and/or each of them, caused and/or contributed to the cause of the Plaintiff's injuries and/or damages and did so intentionally, maliciously, oppressively and/or with deliberate or reckless indifference for the Plaintiffs' safety and/or constitutional rights. Therefore, Plaintiffs are informed and believes and thereon alleges that they and/or each of them, are entitled to recover punitive damages in an amount to be determined according to proof.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS McGIFFERT, ESTRADA, DOES 1-25)

39. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 38.

40. In doing the acts complained of herein, Defendants McGIFFERT, ESTRADA, Does 1 through 25, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs as alleged heretofore of certain

COMPLAINT 10

constitutionally protected rights, including, but not limited to:

    (a) the right not to be deprived of liberty without Due Process of Law;

    (b) the right to be free from unreasonable searches and seizures; and/or

    (c) the right to Equal Protection of the Law.

41. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS CITY OF OAKLAND, WORD, DOES 26-100)

42. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 41.

43. As against Defendants CITY OF OAKLAND, WORD and/or DOES 26-100 and/or each of them, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging unreasonable searches and seizures, denial of Equal Protection of the Law to African American and other minority citizens, abuse of police authority, and deliberate indifference to the violation of the constitutional

COMPLAINT 11

rights of citizens by members of the CITY OF OAKLAND Police Department.

44. Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the result of the deliberate indifference of Defendants CITY OF OAKLAND, WORD, DOES 26-100, and/or each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the CITY OF OAKLAND, DOES 51-100, and/or each of them.

45. The injuries to the Plaintiffs were the foreseeable and proximate result of said customs, policies, patterns, practices and/or deliberate indifference of Defendants CITY OF OAKLAND, WORD, DOES 26-100, and/or each of them.

46. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the CITY OF OAKLAND Police Department.

47. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of the CITY OF OAKLAND, WORD, DOES 26-100, and each of them, of deliberate indifference in the training, supervision and/or discipline of members of the City of Oakland Police Department, including, but not limited to, Defendants McGIFFERT, ESTRADA and/or DOES 1-25.

48. The aforementioned customs, policies, practices and/or deliberate indifference of Defendants CITY OF OAKLAND, WORD, DOES 26-100, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

(a) the right not to be deprived of liberty without Due Process of Law;

(b) the right to be free from unreasonable searches and/or seizures; and/or

(c) the right to Equal Protection of the Law.

49. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United State Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(NEGLIGENCE)
(AGAINST ALL DEFENDANTS)

50. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 49.

51. At the time of the incident alleged herein, Defendants and/or each of them, owed Plaintiffs a duty to exercise reasonable care to avoid foreseeable injury to the Plaintiffs.

52. At and prior to the time of the subject incident, Defendant CITY OF OAKLAND also owed Plaintiffs a

duty to use due and reasonable care in the hiring, supervision, training and discipline of its police officers, including, but not limited to, those involved in the subject incident.

53. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants and/or each of them, negligently breached their duty to use due and reasonable care, resulting in foreseeable injuries and damages to the Plaintiffs.

54. As a result of the negligence of the Defendants and/or each of them, Plaintiffs suffered damages and injuries, including, but not limited to, pain, suffering and emotional distress.

55. Plaintiffs are informed and believe and thereon allege that the negligent acts and/or omissions of Defendants WORD, McGIFFERT, ESTRADA, DOES 1-100 and/or each of them, as alleged herein were done within the course and scope of their employment with the CITY OF OAKLAND. As a result, the CITY OF OAKLAND is also liable as _respondeat superior_ for the acts and/or omissions of its employees, agents and/or servants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

### (FALSE ARREST/FALSE IMPRISONMENT)

(DEFENDANTS CITY OF OAKLAND, McGIFFERT, ESTRADA, DOES 1-25)

56. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 55.

57. In doing the acts and/or omissions as alleged in this Complaint, Defendants McGIFFERT, ESTRADA, DOES 1-25 and/or each of them, individually and/or while acting in concert with one another, detained, arrested and/or imprisoned the Plaintiffs and/or each of them, without reasonable or probable cause to believe that they had committed any crime.

58. As a result of said unreasonable detention, false arrest and/or imprisonment, Plaintiffs suffered the damages and injuries alleged in this Complaint.

59. The acts and/or omissions of Defendants McGIFFERT, ESTRADA, DOES 1-25 and/or each of them as alleged herein were done within the course and scope of their employment with Defendants CITY OF OAKLAND. As a result, the CITY OF OAKLAND is also liable for said acts and/or omissions as _respondeat superior_.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

### (TRESPASS)
(AGAINST THE CITY OF OAKLAND, McGIFFERT, ESTRADA, DOES 1-25)

60. Plaintiffs incorporate by reference and re-

COMPLAINT 15

allege herein Paragraphs 1 through 59.

61. In doing the acts and/or omissions as alleged herein, Defendants McGIFFERT, ESTRADA, DOES 1-25 and/or each of them committed a trespass upon the Plaintiffs' residence.

62. As a result of said trespass, Plaintiffs suffered the damages and injuries as alleged in this Complaint.

63. At the time of said trespass, said Defendants and/or each of them, acted within the course and scope of their employment with Defendant CITY OF OAKLAND. As a result, Defendant CITY OF OAKLAND is also liable as <u>respondeat superior</u>.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>SIXTH CLAIM FOR RELIEF</u>

(CALIFORNIA CIVIL CODE SECTION 52.1)

(AGAINST THE CITY OF OAKLAND, WORD, McGIFFERT, ESTRADA, DOES 1-100)

64. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 63.

65. In doing the acts and/or omissions as alleged herein, Defendants CITY OF OAKLAND, WORD, McGIFFERT, ESTRADA, DOES 1-100 and/or each of them, individually and/or while acting in concert with one another, caused the violation of the Plaintiffs' rights under the California and/or United States Constitution.

COMPLAINT 16

66. As a result of the violation of the Plaintiffs' constitutional rights, said Defendants and/or each of them, are liable for the Plaintiffs' actual damages, statutory damages, attorneys' fees and costs pursuant to California Civil Code Sections 52 and 52.1.

67. At the time of said constitutional violations, said Defendants and/or each of them, acted within the course and scope of their employment with Defendant CITY OF OAKLAND. As a result, Defendant CITY OF OAKLAND is also liable as <u>respondeat superior</u>.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### STATEMENT OF DAMAGES

68. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 67.

69. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs suffered the damages listed below:

a. General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, loss of liberty and invasion of privacy in amounts to be determined according to proof;

b. Special damages, including, but not limited to, medical and related expenses incurred by Plaintiff Ashoka Deskins;

c. Property damage in amounts to be determined

according to proof;

       d.   Statutory damages under California Civil Code Sections 52 and 52.1;

       e. The acts and/or omissions of Defendants WORD, McGIFFERT, ESTRADA and/or DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiffs. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

       70.   Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. Sections 1983 and 1988, California Civil Code Sections 52 and 52.1 and/or under other statutes and/or laws.

### JURY TRIAL DEMAND

       71.   Plaintiffs hereby demand a jury trial.

### COMPLIANCE WITH TORT CLAIMS ACT

   Prior to commencing this litigation, Plaintiffs presented a timely Tort Claim to the CITY OF OAKLAND. The CITY OF OAKLAND rejected said Claim and this action is being filed within six months of the date of said rejection.

### PRAYER

   WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

   1.   General damages in amounts to be determined

COMPLAINT                 18

according to proof;

2. Special damages, including, but not limited to, medical and related expenses incurred by Plaintiff Ashoka Deskins in amounts to be determined according to proof;

3. Property damage in amounts to be determined according to proof;

4. Statutory damage pursuant to California Civil Code Sections 52 and 52.1;

5. Punitive and exemplary damages in amounts to be determined according to proof;

6. Attorneys' fees pursuant to statutes;

7. Costs of suit;

8. For prejudgment interest as permitted by law;

9. For such other and further relief as the Court may deem just and proper.

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: August 4, 2003 _____
JAMES B. CHANIN
Attorney for Plaintiffs